IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AUSTIN PARKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:23-CV-256-MHT-CSC |
| | ) |
| BLAKE TRUMAN, et al., | ) |
| | ) |
| Defendants. | ) |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

Pro se Plaintiff Austin Parker filed this 42 U.S.C. § 1983 action on April 26, 2023. On May 18, 2023, Plaintiff's copy of an order previously entered by the court (Doc. 3) and mailed to Plaintiff by the Clerk was returned by the postal service as undeliverable. Accordingly, on May 22, 2023, the undersigned entered an Order (Doc. 4) requiring Plaintiff to file, by June 1, 2023, a current address or show cause why this case should not be dismissed for his failure to adequately prosecute this action and warning Plaintiff that a failure to comply would result in a recommendation of dismissal. Plaintiff has not responded to, or otherwise complied with, the May 22, 2023, Order.

Because of Plaintiff's failure to comply with the court's Order, the undersigned concludes this case should be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (stating that dismissal for failure to obey a court order is generally not an abuse of discretion where litigant has been forewarned). The authority to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S.

626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo,* 864 F.2d at 102.

For the above reasons, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice.

Further, it is ORDERED that by **June 30, 2023**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.  Frivolous, conclusive or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1. *See Resol. Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993);  *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 16th day of June 2023.

   /s/   Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE